JUSTIN WHITNEY *vs.* GEORGE W. RHOADES.

An answer to an action upon a promissory note, which alleges that the defendant received his discharge in insolvency from all debts due from him, and refers to an annexed copy of the discharge, is not bad on demurrer, although the discharge does not include all classes of debts due from him.

CHAPMAN, J.   The plaintiff declares on a promissory note made to him by the defendant, dated October 1, 1859, and payable in six months with interest.   The answer alleges that on the 8th of August 1860 the defendant " received his discharge in insolvency from all debts due from him January 17, 1860, a copy whereof is hereto annexed ; and does not owe the plaintiff anything."   The discharge annexed is in the ordinary form of discharges granted to insolvent debtors.   The plaintiff demurs to the answer on the ground that it does not set forth any legal defence to the action.

The position taken by the plaintiff is, that the answer does not state specifically that the note in suit is discharged, but merely states that all the defendant's debts are discharged, referring to the instrument of discharge; and that this instrument, being a discharge in insolvency, does not include all classes of debts ; because there are certain classes of debts that are not discharged by insolvent proceedings ; and it does not appear that this debt is not excluded from the operation of the discharge annexed.   But taking the answer and discharge in connection with the declaration, it appears that the note belongs to the class included in the discharge.   And the allegation that the discharge applies to " all his debts," is sufficient to include the debt in suit.   On this point it is so precise and clear that

there would be no danger of mistrial or mistake. The issue tendered by it is whether the note in suit is discharged. So far as it refers to other debts, and avers that they are discharged, it is impertinᵉnt. Under the system of special pleading, it would be bad ; but under our system, it is good on demurrer, notwithstanding its impertinent averment, if it contains a statement of a substantive fact which constitutes a legal defence to the action, set forth with so much clearness and precision that a jury may find a proper verdict without danger of being mis· led by the pleading. But it is a reprehensible method of plead· ing, and Gen. Sts. c. 129, § 71, prescribe the method of dealing with such pleadings. " The court may, either of their own motion or upon motion of a party, require unnecessary counts and statements to be stricken out of a declaration, or any subsequent proceeding, and may impose reasonable terms." If this provision were rigidly enforced, it would tend to check the inexcusable looseness with which declarations and answers are sometimes drawn. In this case, it will be in the power of the court to compel the defendant to strike out his averment as to matters not in issue, on such terms as shall be just.

*Demurrer overruled.*

*T. H. Sweetser & W. S. Gardner*, for the plaintiff.
*T. S. Dame,* for the defendant.